BOETTGER v. SCHERPE & KOKEN ARCHITECTURAL IRON COMPANY, *Appellant*.

Division One, December 23, 1896.

1. **Negligence** : MASTER AND SERVANT: EVIDENCE: MORTALITY TABLES. In an action by a widow for the death of her husband, claimed to have been killed by defendant's negligence while an employee in its service, it is competent to admit in evidence the "American Experience Table" for the purpose of showing the expectancy of the life of the deceased; such table being recognized by Revised Statutes, 1889, section 5841.

2. ———— : ———— : ————: EXPERT TESTIMONY. The opinion of defendant's superintendent as to the competency of the deceased to perform the work in which he was engaged when killed was inadmissible, it being the province of the jury to determine that question.

3. ———— : ———— : ————. Nor was it error for the court to refuse to define the term "common laborer," its meaning being obvious to the jury.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Pollard & Werner* for appellant.

(1) The trial court should have directed the jury to return a verdict for the defendant, as requested. Where there is no evidence to uphold a verdict, or to sustain any material allegation of the petition, the supreme court will reverse a judgment founded on the verdict, and the interposition of a demurrer at the close of the case requires this court to review the evidence taken as

a whole.    *Garvin v. Williams*, 50 Mo. 206; *Hearne v. Keath*, 63 Mo. 84; *Schmieding v. Ewing*, 57 Mo. 78; *Hilz v. Railroad*, 101 Mo. 36; *Hite v. Street R'y Co.*, 32 S. W. Rep. 33; Finkelnburg's Mo. App. Practice, pp. 110, 112.    (2) The trial court should not have allowed plaintiff to introduce in evidence the mortality table contained in 2 Revised Statutes, 1879, section 5968, because there was no evidence offered to show that it was authentic.    *Railroad v. Arispe*, 17 S. W. Rep. 47.    Any credit which might have been given to these tables because of their being embodied in the revision of the statutes for 1879 is removed by the fact that they are omitted from the revision of 1889.    (3) The trial court should have allowed the superintendent. of defendant, who was in charge of the work in which deceased was engaged at the time he was killed, and after he had stated the kind of work which the deceased had been doing, and the extent of his experience therein, to give his opinion as to whether deceased was competent to select lumber for scaffolds, and the scaffold in question in particular.    *Eyerman v. Sheehan*, 52 Mo. 221; *Haymaker v. Adams*, 61 Mo. App. 581; Lawson on Expert and Opinion Evidence, p. 102; 7 Am. and Eng. Encyclopedia of Law, p. 496; *Gutridge v. Railroad*, 94 Mo. 468; *Greenwell v. Crow*, 73 Mo. 638.    (4) The trial court should have allowed the witness Koken, president of the defendant company, in his. testimony, to explain the difference between the terms "common laborer" and "laborer" as he used them.    (5) The trial court erred in refusing to give to the jury instruction number 1 of defendant's instructions refused, which was as follows: "A person who is engaged regularly in the erection and construction of scaffolding around buildings is not, while so employed, a common laborer within the sense in which this word is used in plaintiff's amended petition."

*L. Frank Ottofy* for respondent.

(1) This court decided on the first appeal that a demurrer to the evidence at the close of the whole case did not lie. The evidence being substantially the same, that question is *res adjudicata* on this appeal. *Conroy v. Iron Works*, 75 Mo. 651; *Bank v. Taylor*, 62 Mo. 338; *Gwin v. Waggoner*, 116 Mo. 143; *Perkins v. Fielding*, 119 Mo. 149; *Cherry v. Railroad*, 61 Mo. App. 303; *Masterson v. Railroad*, 58 Mo. App. 572. (2) The American Experience Table of Mortality contained in Revised Statutes, 1879, section 5968, was sufficiently authenticated. Although omitted from the statutes of 1889 the same are there approved in section 5841. Insurance experience life tables are admissible. *Railroad v. Leonard*, 29 S. W. Rep. (Tex.) 955; *McGowan v. Ore & Steel Co.*, 109 Mo. 518. (3) Under the decision of this court on the first appeal the competency of the deceased for the work assigned to him is one of the issues for the jury. The exclusion of Superintendent Steimel's opinion on the subject was not error. *Gutridge v. Railroad*, 94 Mo. 468; *Gavisk v. Railroad*, 49 Mo. 274; *Rosenheim v. Ins. Co.*, 33 Mo. 230; *King v. Railroad*, 98 Mo. 235; *Gregory v. Chambers*, 78 Mo. 294; *Eubank v. Edina*, 88 Mo. 650; *Koons v. Railroad*, 65 Mo. 592; *Kendall v. Bain*, 46 Mo. App. 581. The court having admitted Koken's testimony, after excluding Steimel's, defendant should have recalled him to save the point. However, even though admissible, the testimony excluded was cumulative evidence and hence its exclusion harmless. *State v. Pratt*, 121 Mo. 566; *Hicks v. Railroad*, 68 Mo. 329; *Carson v. Cummings*, 69 Mo. 325; *Morgan v. Wood*, 38 Mo. App. 255; *McGarry v. Railroad*, 36 Mo. App. 340. (4) The term "common laborer" is not so technical that a "special" juror would require enlightenment upon it. (5) The refusal of

instruction number 1 of defendant's instructions refused was not error for the same reason assigned under point 4. (6) The master is liable unless he furnished: *First*, suitable material for the staging; *second*, skillful workmen; and *third*, left the construction of the scaffold to them and retained no supervision over it. If he fails to show 'these three requisites he is liable. *Bowen v. Railroad*, 95 Mo. 277; *Ackerson v. Dennison*, 117 Mass. 408; *Kelly v. Norcross*, 121 Mass. 508; *Killea v. Faxon*, 125 Mass. 485; *Peschel v. Railroad*, 62 Wis. 344; *Jones v. St. L. etc., Co.*, 43 Mo. App. 399. *First.* "Latent defects in machinery or other appliances, are not part of the ordinary risks of employment which even an adult or experienced employee assumes as incidents of his employment." *Clovers v. Railroad*, 21 Mo. App. 217, and cases there cited; *O'Donnell v. Baum*, 38 Mo. App. 247, and cases cited. *Second.* And even though the defect is obvious, to exonerate the master not only the defects but the danger must also be known to the servant, and this is for the jury. Wood on Master and Servant [2 Ed.], sec. 376; *Sullivan v. Railroad*, 107 Mo. 78, and cases cited; *Waldhier v. Railroad*, 87 Mo. 46; *Huhn v. Railroad*, 92 Mo. 446; *Stoddard v. Railroad*, 65 Mo. 520. *Third.* He is not bound to look for latent defects; that is the master's duty. Wood on Master and Servant [2 Ed.], sec. 376; *Gutridge v. Railroad*, 105 Mo. 526. *Fourth.* And although an obvious defect, it is for the jury to say whether it could have been discovered by the exercise of ordinary care. *Gutridge v. Railroad*, 105 Mo. 529; *Thorpe v. Railroad*, 89 Mo. 663; Wood on Master and Servant [2 Ed.], sec. 359, p. 739. *Fifth.* The servant does not assume any risks as to machinery or appliances excepting when the defect is so patent as to attract his notice and warn him of danger, and the burden is on the master to prove this notice of

danger.   Wood on Master and Servant [2 Ed.], sec.
359, pp. 740, 741.   *Sixth.*   It is the master's duty to
provide reasonably safe appliances to enable the serv-
ant to discharge his duties with safety.   He had a right
to presume that the master had discharged his duty in
that behalf.  *Parsons v. Railroad*, 94 Mo. 286; *Bowen
v. Railroad*, 95 Mo. 268; *Johnson v. Railroad*, 96 Mo.
343; *Soeder v. Railroad*, 100 Mo. 673.

BRACE, P. J.—This is an action for damages by a
widow for the death of her husband who lost his life
while in the employment of the defendant, in which
she recovered judgment below for $4,500, and the
defendant appeals.

The errors complained of are:   The refusal of the
court to instruct the jury to return a verdict for de-
fendant;   admitting in evidence the mortality table
contained in Revised Statutes, 1879; the refusal of the
court to permit defendant's superintendent to give his
opinion as to whether the deceased was competent to
select the lumber for the scaffold in question; and the
refusal of the court to define the term "common
laborer."

1.  This is the second appeal in this case.   The
decision on the former appeal is reported in 124 Mo. 87.
The case was retried on the same pleadings as before,
consequently the issues were precisely the same as
before.   The instructions for the plaintiff, after elimi-
nating therefrom the error for which the judgment
was reversed on the former trial, were the same as
given before, and defendant's theory of the case was
presented in very favorable terms in other instructions
asked by it.   On pages 96–101 of the opinion on the
former appeal will be found a full and fair statement
of the salient facts of the case as they appeared from
the evidence on the former trial.   On the retrial, in

addition to the witnesses who testified before, one other was introduced by the plaintiff and four by the defendant. We have been furnished with printed copies of the evidence, in full, as detailed by all the witnesses, and after giving it a very careful reading and comparing it with the evidence on the former trial, we find the additional testimony simply cumulative in character, not changing, in any material aspect, the complexion which the case bore when it was here before. The first point made in the brief of counsel for appellant on the former trial was, "that there is no evidence to support the verdict." The point was maturely considered then and ruled against the appellant. It has been so considered again in the light of all the evidence as it appears in the present record, and we reach the same conclusion. The court committed no error in refusing to instruct the jury to return a verdict for the defendant.

2. The court committed no error in admitting the "American Experience Table" in evidence to show the expectancy of deceased's life. This is a standard table which has been long recognized in this and other states, both by statute and by the courts. R. S. 1879, sec. 5968; R. S. 1889, sec. 5841; Abb., Trial Ev., p. 724, n. 4. It detracts nothing from the value of this evidence that other tables are also so recognized.

3. The court committed no error in refusing to permit defendant's superintendent to give his opinion as to whether deceased was competent to select the lumber for the scaffold in question. That was the very issue the jury were called upon to try upon the facts in evidence, in the case. He was permitted to testify to all the facts within his knowledge, touching the question of deceased's experience in respect to the subject of inquiry, but it would have been improper to have permitted him to go further and give his own

opinion upon those facts. This was the province of the jury. These facts did not call for the opinion of an expert but for a verdict. *Gutridge v. Railroad*, 94 Mo. 468.

4. Nor did the court commit error in refusing to define the term "common laborer," the meaning of which was just as obvious to the jury as to the court. The judgment is affirmed. All concur.