RALPH S. ANDREWS, Adm'r, etc., Appellant, v. JAMES K. BROUGHTON et al., Respondents.

**Kansas City Court of Appeals, June 4, 1900.**

1. **Dower:** CONSIDERATION OF UNINFORCIBLE CONTRACT: RELEASE: INSTRUCTION. A widow, by an agreement within the statute of fraud, bargained her interest in her late husband's estate to his heirs for a given sum. She, relying on the agreement, remained passive till her death and the heirs took the whole estate. Held, her administrator could recover the consideration from the heirs without showing she executed and delivered to them a written assignment or conveyance of her interest in the estate. Instructions set out in the opinion criticised.

2. ———: VALUE OF RIGHT: AMERICAN EXPERIENCE TABLE. The value of the right of dower in real estate should in an action on a contract be ascertained as of the date of the contract; and the death of the doweress before the period of her expectancy according to the American Experience Table is of no consequence.

Appeal from the Lafayette Circuit Court.—*Hon. Samuel C. Davis*, Judge.

REVERSED AND REMANDED.

*John L. Peak, R. E. Ball, I. P. Ryland* and *Blackwell & Son* for appellant.

Submitted a printed argument.

*Wm. H. Chiles* and *N. M. Houx* for respondents.

(1)   A parol contract for the purchase of land which is within the statute of frauds, is void, and no action can be maintained  to enforce it, or for its rescission, or for damages by reason of its breach.   Culligan. v. Wingerter, 57 Mo. 241; Lydick v. Holland, 83 Mo. 703.   (2)   Where there is a parol agreement for the purchase of land, and not such a part performance which will take it out of the statute of frauds, the purchaser may recover back the purchase money paid in such ineffectual performance.   Blew v. McClelland, 29 Mo. 304; Kidder v. Hunt, 11 Am. Dec. 183; Allen v. Booker, 19 Am. Dec. 33; Clark v. Davidson, 53 Wis. 317; Smith v. Smith, [4th Dutcher], 28 N. J. L. 208; Thayer v. Beck, 13 Wend. 53.   (3)   Applying these principles to this case, the plaintiff can recover nothing under the evidence, for Mrs. Broughton paid nothing, and did nothing towards the purchase of the disputed premises, but on the contrary refused to convey her interests as provided for in her contract. Black & Snyder v. Crowther & Adriano, 74 Mo. App. 480; Roy v. Boteler, 40 Mo. App. 213; s. c., 40 Mo. App. 234; Denny v. Kile, 16 Mo. 450; Turner v. Mellier, 59 Mo. 526. (4)   The contract was for the value of her dower in the real and personal estate of W. C. Broughton, as his widow and nothing else.   Mrs. Broughton did nothing but make  an executory contract for the sale of this dower; the contract itself did not pass the title to any part of it; she paid out nothing by virtue of the contract, and from the evidence of all the witnesses positively refused to take a single step towards its execution.   Her dower in the personal estate passed by law to her administrator, and he should have applied to the probate court for it instead of suing the defendants for it. Hastings v. Myers' Adm'r., 21 Mo. 519; Cummings v. Cummings, 51 Mo. 261.

SMITH, P. J.—By reference to 78 Mo. App. 179, it may be seen that in an action between the same parties as here, it was held by us, as it had been held by the trial court, that the plaintiff was not entitled to recover on the contract there, and here in issue, since the statute of frauds had been pleaded as a defense. And, in connection with that holding, it was said that this was so, whether the action be regarded as an action for specific performance or for damages for nonperformance. But while it was held that the plaintiff as the representaive of Mrs. Broughton's estate could not recover on the contract for the reason just stated, it was suggested that he would have the right, in a proper action, to recover of defendants the consideration his intestate parted with in making and carrying out the contract on her part.

By the law of the land plaintiff's intestate on the death of her husband, William C. Broughton—the father of defendants—became invested with certain rights as his widow in his real and personal estate. By the contract which plaintiff's intestate made with the defendants as the heirs of the estate of her husband—and their father—for a stipulated consideration, she agreed to renounce and release all her widow's rights to the estate of the deceased husband and father. Included in this contract of renunciation was her dower right in certain valuable real estate and also the personal property designated by the statute, as well as her statutory year's support. In consequence of the consideration provided by the contract she was influenced not to assert any of her statutory rights to the property, but to let it remain in the estate as a part of it, so that the defendants, his heirs, could have the full benefit of it. Trusting and confiding in the promises of the defendants as disclosed by the said contract, she was induced to remain passive and inactive until her death. It is clear that had it not been for the contract she would have taken proper steps to have had her interest

in the property of the estate set apart. If the defendants had carried out their contract with her, she would have executed the formal release; but without the latter, the defendants have received every benefit and advantage that was secured to them by their contract. If the intestate had executed to them a formal conveyance it would not have been effectual in passing to them any greater rights than these which they have received wihout it. The full and entire consideration which the intestate agreed to formally release and assign to defendants has been received by them, and for which they have given nothing in return.

We think it was sufficiently demonstrated in the case referred to in 78 Mo. App. *supra,* that the intestate's representative is entitled to recover of the defendants the consideration of the contract, or, which is the same thing, the value of the property or property rights which the defendants received under the contract, not to exceed, of course, two thousand dollars, the value of the property and property rights fixed by the contract itself.

The court in trying the present case without the aid of a jury refused to consider it upon the theory indicated by us in the other case, but considered it upon an antithetical theory. The theory upon which the court determined the issues in favor of the defendants appears, from the declarations given by it at the instance of defendants, to be to the effect, viz.:

"2. Plaintiff can only recover in this case, if at all, on the ground that by reason of signing said contract by plaintiff's intestate, Sallie Broughton, and its acceptance by defendants, she, the said Sallie E. Boughton, gave up and surrendered to defendants some part or portion of her interest in the estate of her deceased husband, William C. Broughton. Therefore, if the court believes from the evidence that prior to her death, and on account of having signed said contract, Sallie E. Broughton assigned, gave up, or in any way trans-

ferred to defendants any portion of her intèrest as widow in
the estate of her deceased husband, William C. Broughton,
then the finding and judgment will be for plaintiff for such
amount as the court believes from the evidence, the property
or interest in the estate so given up or transferred to the
defendants, was reasonably worth at the time the same was
received by defendants, with interest from August 1, 1896, at
six per cent.

"3.   But on the other hand if the court believes from the
evidence that at the time said Sallie E. Broughton died, no
letters of administration had been granted on the estate of
Wm. C. Broughton, and that Sallie E. Broughton did not at
any time execute and deliver to defendants any written as-
signment or conveyance of her interest as widow in the real
estate of said W. C. Broughton, then the finding and judg-
ment will be for defendants.

"4.   The court further declares that there is no evidence
in this case tending to show that Sallie Broughton ever sign-
ed any contract or did any act which deprived her of the right
or power to claim and recover all of her interest as widow,
or that prior to her death defendants had received from her,
or from the estate of W. C. Broughton, by assignment or
otherwise, any property or interest in said estate which be-
longed to said Sallie Broughton."

It is thus made apparent that the theory adopted by the
court in determining the case is at variance with that indi-
cated by us. This was an erroneous one and should have been
rejected by it.  It was not required of the intestate's repre-
sentative, as a condition precedent to his right of recovery,
that he show that the intestate had executed and delivered
to the defendants a written assignment or conveyance of her
interest as widow in the real estate of her husband.   The
declarations of law requested by the plaintiff numbered one,
two, three and five embodied those which, it seems to us, were
applicable in determining the issues and should have been

accepted as such. The plaintiff was clearly entitled to a consideration of the case upon the theory of the declarations requested by him and which accord with that propounded by us.

The plaintiff's sixth asserted a correct rule for the ascertainment of the value of the dower right of the intestate. The value of this right should be ascertained and determined as of the date of the execution of the contract. The fact that she died before the expiration of the period of her expectancy is of no consequence. Such expectancy may be shown by the "American Experience Table." This table has often been given in evidence and has been recognized as a standard table by both the statute and the courts. Boettger v. Iron Co., 136 Mo. 531; R. S. 1889, sec. 5841.

For the errors previously referred to, the judgment will be reversed and the cause remanded. *Ellison, J.,* concurs; *Gill, J.,* absent.