WABASH RAILROAD COMPANY, Appellant, v. ALEXANDER FLANNIGAN and VIRGIL RULE.

Division One, March 31, 1909.

1. **APPELLATE JURISDICTION: Constitutional Question: Pertinent to Issues.** The raising of a constitutional question in due time and by proper specification is not the only requisite for giving the Supreme Court jurisdiction of the appeal on the idea that a constitutional question is lodged in the case. There must also be some rational connection between the facts of the case and the section of the Constitution invoked. A mere statement that the judgment is in violation of a particular section of the Constitution does not of itself raise a constitutional question.

2. ————: ————: ————: **Injunction: Attorney's Fees.** Tourville was an employee of a railroad, which owed him $81.98, and Flannigan sued him before a justice of the peace in Illinois, and obtained judgment against him and also judgment against the railroad as garnishee. Afterwards Tourville sued the railroad in Missouri before a justice of the peace for the same debt, obtained judgment and assigned it to Rule. Then the railroad filed in the circuit court its bill of interpleader against Flannigan and Rule, praying to be allowed to pay the money into court and let these two interplead for it; praying also for an injunction against Rule to restrain him from levying the exetion. The suit was contested and after the injunction was dissolved, upon motion filed to assess damages on the injunction bond the court assessed $200 in favor of Rule as for attorney's fees, and from that judgment the railroad appeals, assigning as

one ground for its motion for a new trial that the judgment deprived it of its property without due process of law, in violation, etc. The case turned in the circuit court on the question of fact whether any attorney's fees were paid or liability incurred, and on the question of law whether attorney's fees could be assessed in such a case. *Held*, that the first question is one of fact, to be determined by the evidence in the case, and the other one of law, for a proper answer to which resort is to the common law or the statute law of the State, and both questions can be decided without going to the Constitution, either State or Federal, and there being no constitutional question in the vitals of the case the Supreme Court does not have jurisdiction over the appeal.

Transferred from St. Louis Court of Appeals.

REMANDED TO ST. LOUIS COURT OF APPEALS.

*Geo. S. Grover* and *J. L. Minnis* for appellant.

*John D. Johnson* and *W. H. Biggs* for respondents; *Virgil Rule pro se.*

VALLIANT, J.—This cause was transferred to this court from the St. Louis Court of Appeals on the idea that a constitutional question is involved, but after going through the record we are satisfied that there is really no such question in the case.

The controversy arose in a motion to assess damages on an injunction bond after the injunction had been dissolved. The facts were as follows: One Tourville was an employee of the Wabash Railroad Company and the company owed him $81.98. Flannigan brought suit against Tourville before a justice of the peace in East St. Louis, St. Clair county, Illinois, and obtained judgment against him and also a judgment against the Wabash Railroad Company as garnishee of Tourville for $81.98, the amount the company owed him. Then Tourville sued the Wabash Railroad Company before a justice of the peace in the city of St. Louis for the same debt and obtained judgment for that

amount and assigned the judgment .to Virgil Rule.
Then the Wabash filed in the circuit court of the city
of St. Louis a bill of interpleader against Flannigan
and Rule praying to be allowed to pay the money into
court and let those two interplead for it; praying also
an injunction to restrain Rule from levying the execu-
tion 'which he had sued out. The preliminary injunc-
tion was issued, the Wabash Company giving an in-
junction bond for $1,000. That suit was contested and
the end of it was that the injunction was dissolved and
the bill dismissed. Then came the motion to assess
damages on the injunction bond, on the hearing of
which the court assessed in favor of Rule $200 as for
his liability for attorney's fees incurred in that litiga-
tion. The case seems to have turned in the circuit
court on the question of fact whether any attorney's
fees were paid or liability for such incurred, and also
the question of law whether attorney's fees could be
assessed in such case. The judgment was for the
amount of the injunction bond, $1,000, to be satisfied on
payment of the damages assessed, $200.

In its motions for a new trial and in arrest of
judgment among other grounds the appellant said:

"7. Because in entering said judgment this hon-
orable court denied the defendant [doubtless meaning
plaintiff] the equal protection of the laws and deprived
it of its property without due process of law in viola-
tion of the 14th Amendment to the Constitution of the
United States, and of section 30 of article 2 of the
Constitution of the State of Missouri."

After those motions were overruled appellant ap-
plied for an appeal to the St. Louis Court of Appeals
and it was granted, and the record 'was lodged in that
court for review. In due time appellant filed in that
court its abstract and brief; in the latter, under the
caption "Points and Authorities," were   only   two
points, first: "The restraining order being merely in-
cidental or ancillary to the principal object of the suit,

and its dissolution being wholly contingent upon a denial of the principal relief demanded, counsel fees incurred in defending the suit were not proper items of damages to be assessed on the injunction bond;" second, "Respondent was not damaged. He incurred no liability to Mr. Johnson [the attorney mentioned in the evidence] for advice or services, and was not, therefore, entitled to an allowance on that account." Authorities were cited under each point. Not only were those the only points presented for consideration to the appellate court, but the whole proceedings at the trial show that they were the only points made in the circuit court.

We have held that where a point in litigation cannot be decided without construing a particular clause in the Constitution, a constitutional question is in the very vitals of the case and whether raised or not in the trial court, the appeal must come to this court. [State ex rel. Smith v. Smith, 152 Mo. 444.] But whether, in a case where the injunction is only an incident to the main subject of the litigation, the party enjoined is, on a motion to assess damages on the injunction bond, entitled to recover his attorney's fees for defending the suit, or whether in this case Mr. Rule did actually employ Mr. Johnson as his attorney, are questions that can be decided without going to the Constitution, either State or Federal; for the proper answer to the one we go to the common law or the statute law of the State, and to the other we go to the evidence in the case.

We have also held that it was incumbent on the party desiring to raise a constitutional question to raise it at the first opportunity for doing so, and not bring it in as an afterthought when the case has gone against him on the theories on which he tried it. But in the application of this rule we recognize that the opportunity to invoke the protection of a particular clause in the Constitution may not arise until the trial is under way, sometimes perhaps, as in the case of an

instruction given, even when the trial is ended, and, in such case, the point is timely though not presented in the pleadings. In the case we are now considering there were no pleadings required, it was on a motion in the case after final judgment, therefore the appellant could not have presented his constitutional point until it was developed, if developed it was, by his adversary's evidence at the trial. In point of time therefore appellant was not too late when it presented this point in the motions for new trial and in arrest.

We have also held that in order to raise a constitutional question the party complaining must point to the particular section of the Constitution on which he relies; it will not do to say in general terms that the act complained of is in violation of the Constitution. [Ash v. City of Independence, 169 Mo. 77; Hardin v. Carthage, 171 Mo. 442; Shaw v. Goldman, 183 Mo. 461.] In this case the appellant has specified the particular section of the State Constitution which it asserts has been violated, and, by descriptive words, has indicated that it is the rights guaranteed to appellant under the first section of the 14th Amendment of the Federal Constitution that have been disregarded. Therefore, it cannot be said that appellant was either belated in the assertion of his constitutional rights or lacking in the matter of specification of section and article.

But due time and specification in the points above mentioned are not the only requisites for giving this court jurisdiction on the idea that a constitutional question is involved; there must also be some rational connection between the facts of the case and the section of the Constitution invoked. When a judgment is rendered against a man which he is thoroughly convinced is absolutely wrong and the sheriff comes and takes his property to satisfy it, he is apt to feel that all law and constitutional guarantees have been violated.

A man may say in any case, if he will, that the judgment against him is in violation of this or that clause of the Constitution; the first section of the 14th Amendment in particular is so broad in its terms that it has been frequently invoked in cases where it had no application. If in this case the appellant had said that the judgment was in violation of the 4th section of the Bill of Rights of the State Constitution and the first section of the 15th Amendment of the Federal Constitution, the specification would have been specific enough, and would not have been less applicable to the facts of the case than the sections mentioned in the motions for a new trial and in arrest of judgment. If a party can bring his case within the jurisdiction of this court by merely saying, in due form and due time, that the judgment complained of is in violation of a particular section or clause of the Constitution, when the facts of the case show no connection with the provisions of the Constitution named, and he makes no rational showing of such connection, then any party at his own will may give this court jurisdiction of any case.

We do not mean of course to imply that the party must show that his constitutional point is sound, before he can be heard on it, but we do mean to say that he must show that under the facts of the case, as he contends they are, a question under the particular clause of the Constitution is raised and calls for judgment.

Why the attorney for the appellant inserted this point in his motions for a new trial and in arrest we of course do not know, but we are entirely satisfied that if he ever thought that such a point was in his case he soon changed his mind, because he asked for and took his appeal to the St. Louis Court of Appeals and filed his brief in that court asking a reversal of the judgment on the two grounds alone hereinabove mentioned and never once alluded to his constitutional rights. It does not appear that it was on his motion that the cause was

transferred here, but so far as the record shows he was invoking only the judgment of the St. Louis Court of Appeals. There is no constitutional question in the case. The cause is returned to the St. Louis Court of Appeals.

All concur.