ANDREW KRISTANIK, Employee, Appellant, v. CHEVROLET MOTOR COMPANY, Employer, Self-Insurer.—70 S. W. (2d) 890.

Court en Banc, April 20, 1934.

*Alroy S. Phillips* and *Douglas H. Jones* for appellant.

*McCarthy, Morris, Zachritz & McGrail* for respondent; *J. G. Stevenson* of counsel.

*Luke & Cunliff, amicus curiae.*

ATWOOD, J.—This appeal has been heard both in division and in banc. Appellant's statement is as follows:

"This is an appeal from an order of the Circuit Court sustaining the employer's motion to quash an execution on a judgment in favor of the employee in a case arising under the Workmen's Compensation Act.

"The Workmen's Compensation Commission heard the evidence on his claim for compensation and made an award against the employee and in favor of the employer, and a finding 'that injury resulted in a loss of hand was not the result of an accident arising out of and in the course of his employment.'

"On the employee's appeal the Circuit Court examined the evidence taken before the Compensation Commission and, on February 3, 1930, rendered a judgment reading as follows:

"Judgment.

" 'This cause, on appeal from an award of the Missouri Workmen's Compensation Commission, duly comes on for hearing and decision, and the court, having heard and considered the record herein,

duly certified by said Missouri Workmen's Compensation Commission, consisting of the documents and papers on file, the transcript of the evidence of said Commission and the final findings and awards of said Commission, and the court having had the same under advisement, upon review of the questions of law presented herein, doth find:

" '(a) That the facts found by the Commission do not support the award.

" '(b) That there was not sufficient competent evidence in the record to warrant making the award.

" 'The court doth further find from the transcript of evidence herein that Andrew Kristanik was an employee of respondent, Chevrolet Motor Company, on April 1, 1928, and that at such time both employee and employer were working under the Missouri Workmen's Compensation Law, and that at such time employee Andrew Kristanik sustained an accident, arising out of and in the course of his employment, by cutting the palm of his hand on metal straps which he was removing from a barrel for employer, by reason of which the hand of said employee became infected, and that he sustained blood poisoning, which thereafter resulted in the amputation of his left (minor) hand and arm midway between the elbow and wrist.

" 'The court further finds that, at the time of said accident, employee was receiving from employer an average weekly wage of $45.

" 'The court further finds that employee was treated by several doctors and in two hospitals, in the last of which the amputation was performed; and that the necessary and reasonable value of medical aid not furnished by employer or insurer, and heretofore paid by employee, amounts to the sum of $665.50.

" 'The court further finds that employee has been paid by employer the sum of $193.00.

" 'The court further finds that there is now due and payable to the employee from the employer for said accident, under the terms of said act, the sum of $20.00 per week for 180 weeks, beginning April 15, 1928; and that the installments for 91 weeks at $20.00 per week are now past due, amounting to date to $1,820.00, together with $665.50 for medical aid, of which $193.00 has been paid, leaving a balance due to date of $2,292.50, and thereafter $20.00 per week for 89 weeks.

" 'Wherefore, it is further ordered, adjudged and decreed by the court that said findings and award of the Missouri Workmen's Compensation Commission be, and the same hereby are, reversed, set aside and for naught held, and that claimant (employee Andrew Kristanik) have and recover of and from respondent Chevrolet Motor Company the sum of $2,292.50 due to date and thereafter the sum of $20.00 per week for 89 weeks, together with all costs of suit; and that execution issue therefor.'

"The employer took no appeal from this judgment, but instead

sued out a writ of error in the St. Louis Court of Appeals, which, on September 29, 1931, denied the writ on the ground that it did not lie in such cases, and that the remedy by appeal given in Section 3342, R. S. 1929, is exclusive. [See, also, Kristanik v. Chevrolet Motor Company, 226 Mo. App. 89, 41 S. W. (2d) 911.]

"This court then denied the employer's application for mandamus to compel the Court of Appeals to assume jurisdiction of the writ of error.

"Thereafter, on December 22, 1931, the employee sued out an execution on the judgment, and after levy, the employer filed the motion to quash execution. The trial court sustained the motion to quash, and the employee now appeals."

Respondent adopts the above statement supplemented by the following averments from its motion to quash the execution:

"That said execution, levy and garnishment are illegal, null and void, for the reason that same are based on a void judgment which this Court had no jurisdiction to enter, in this, to wit, that it appears on the face of said judgment that it was entered against the employer by this Court after the Workmen's Compensation Commission had found in favor of the employer and when this Court had only jurisdiction to sit as a court of errors and no authority to make any original findings of fact or enter up judgments of any kind.

"That under said Compensation Act, no trial court has any authority to make any original findings of facts or to enter up its own judgment awarding compensation after it has been denied by the Commission, which has exclusive jurisdiction in making awards under said act, in accordance with the opinions of the Supreme and Appellate Courts of Missouri."

The amount in dispute is insufficient to give this court jurisdiction of the appeal, but appellant invokes our jurisdiction on account of a constitutional question raised in his motion for a new trial and thereafter kept alive. Ordinarily a constitutional question raised for the first time in a motion for a new trial is not deemed to have been timely raised, but in a case where the question arises on the determination of a motion after a final judgment and no counter-pleading is required, as in this instance, the constitutional question could not be presented until it was developed, and in such a case it is not too late to present the point in the motion for a new trial. [Wabash Railroad Co. v. Flannigan, 218 Mo. 566, 570, 117 S. W. 722.]

In his motion for a new trial herein plaintiff stated that "Sec. 3342, R. S. 1929, is unconstitutional and void in that it deprives the Circuit Court of jurisdiction to make its own finding herein and enter its own judgment in reversing on appeal an award of the Missouri Workman's Compensation Commission, and deprives this employee of his right to have the Circuit Court exercise such jurisdiction," in

violation of Section 10, Article II of the Constitution of Missouri providing that "the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice should be administered without sale, denial or delay." This is the constitutional question now urged, and the matter involved appears in the following part of Section 3342:

"Upon appeal no additional evidence shall be heard and in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

"1. That the commission acted without or in excess of its powers.

"2. That the award was procured by fraud.

"3. That the facts found by the commission do not support the award.

"4. That there was not sufficient competent evidence in the record to warrant the making of the award."

Counsel for respondent say that appellant, having accepted the benefits of the Compensation Act, is in no position to question its constitutionality, citing DeMay v. Liberty Foundry Co., 327 Mo. 495, 37 S. W. (2d) 640; Kemper v. Gluck, 327 Mo. 733, 39 S. W. (2d) 330, 334; and Hohlstein v. St. Louis Roofing Co., 328 Mo. 899, 42 S. W. (2d) 573. Appellant's reply is that by electing to accept the Compensation Act and claiming compensation thereunder he has accepted the general benefits of the act, but "by disputing the validity of that part of Section 3342 which deprives the court of the power to render a proper judgment, he has not accepted the benefits of that part," and that having obtained a judgment in derogation of it and on the theory that it is invalid appellant is not estopped to question its constitutionality. Appellant insists that he does not question the parts of Section 3342 which allow an appeal to the circuit court and permit that court to modify, remand for rehearing or set aside the award, and that he "only questions the power to 'reverse' in so far as it is limited to remand for rehearing in cases where the award had no evidence to support it and the uncontradicted evidence warrants a judgment in his favor as a matter of law." His position is thus distinguishable from the situation presented in the above cited cases.

The law is well settled that, whether the part challenged be a whole section or a part of a section, the remainder of the act or section will stand if after eliminating the bad part "enough remains, which is good, to clearly show the legislative intent, and to furnish sufficient details of a working plan by which that intention may be made ef-

fectual." [State ex inf. v. Duncan, 265 Mo. 26, 45, 175 S. W. 940; State v. Fenley, 309 Mo. 520, 528, 275 S. W. 36.] The legislative intent as to separability of the provisions of the Workmen's Compensation Act is found in Section 3375, Revised Statutes 1929, as follows:

"If any section, subsection, sentence, clause or phrase of this chapter is for any reason held to be unconstitutional, such decision shall not affect the validity of the remaining portions of this chapter. The General Assembly hereby declares that it would have passed the chapter, and each section, subsection, sentence, clause, and phrase thereof, irrespective of the fact that any one or more of the same shall be declared unconstitutional."

 The part of Section 3342 conferring and defining the circuit court's power to reverse an award, which is the part of which appellant complains, is clearly separable from the remainder, and we have frequently recognized the principle that one accepting the general benefits of a statute is not thereby estopped to question the constitutionality of a separable part of it under which he takes no benefit. [State ex rel. Board of Education v. Nast, 209 Mo. 708, 732, 108 S. W. 563; State ex rel. v. Turner, 210 Mo. 77, 84, 85, 107 S. W. 1064; McGrew v. Mo. Pac. Railroad Co., 230 Mo. 496, 510, 132 S. W. 1076; State ex rel. Tolerton v. Gordon, 236 Mo. 142, 161, 165, 139 S. W. 403; Orthwein v. Germania Life Ins. Co., 261 Mo. 650, 668, 170 S. W. 885; State ex rel. Hueller v. Thompson, 316 Mo. 272, 289 S. W. 338, 341.]

 Appellant contends that the part thus objected to is unconstitutional in the respects above stated because it limits the court's power to reverse an award against an employee to a *"remand for rehearing* in cases where the award had no evidence to support it and the uncontradicted evidence warrants a judgment in his favor as a matter of law." His attack having been made in apparent good faith upon the constitutionality of the statute itself a constitutional question was lodged in the case essential to its determination as distinguished from a mere colorable claim (McManus v. Burrows, 280 Mo. 327, 332, 333, 217 S. W. 512; Sublette v. Railway Co., 198 Mo. 190, 193, 95 S. W. 430; Brookline Canning & Packing Co. v. Evans, 238 Mo. 599, 603, 142 S. W. 319; Miller v. Connor, 250 Mo. 677, 683, 157 S. W. 81; Stegall v. American Pigment & Chemical Co., 263 Mo. 719, 722, 723, 173 S. W. 674; Bealmer v. Hartford Fire Insurance Co., 281 Mo. 495, 504, 505, 220 S. W. 954; Hohlstein v. Roofing Co., 328 Mo. 899, 907, 908, 42 S. W. (2d) 573), which, unless waived or abandoned, gives this court jurisdiction of the appeal however that question may be finally determined. Appellant accepted no benefit under the part of the statute of which he complains and in spite of its alleged limitation on the circuit court's power he obtained the judg-

ment now assailed. His constitutional question was seasonably raised and kept alive. It was not waived or abandoned. It follows that we have jurisdiction of the appeal.

If we understand appellant's principal contention made below and still urged, it is that where all the evidence introduced before the commission is before the circuit court on review and it appears as a matter of law from the conceded facts and the absence of any valid defense thereto that the employee is entitled to compensation in a certain amount, the circuit court has power to reverse the commission's award to the employer and render judgment awarding such compensation to the employee, or direct the commission to make such award, and that any statutory limitation upon such power "imposes an unreasonable delay upon the administration of justice in the enforcement of his right to compensation in violation of Section 10 of Article II of our Constitution."

It seems clear that rendition by the court of such a judgment upon such a record would constitute no invasion of the statutory fact-finding power of the commission because, in reality, the court would not be making a finding of fact. It would be merely reviewing a question of law, which is the very function enjoined upon the court by this statute, and to say that where the conceded facts call for a reversal of the award but that the court can only reverse and remand for rehearing and is without jurisdiction to reverse and render such a judgment as the conceded facts warrant would plainly impose an unreasonable and unnecessary delay within the meaning of the constitutional provision here invoked contrary to the spirit and tenor of the act itself invoking the prompt administration of justice. We have frequently held, both in equity suits and in actions at law, that where facts conceded in the record as a matter of law call for the reversal of a judgment for defendant and the rendition of a judgment for plaintiff such judgment should be entered or directed by the appellate court, unless it appears from the whole record that the ends of justice will be better served by a new trial. [Murdock v. Ganahl, 47 Mo. 135, 137; Monmouth College v. Dockery, 241 Mo. 522, 561, 145 S. W. 785; Knisely v. Leathe (Mo.), 178 S. W. 453, 461.] Section 1063, Revised Statutes 1929, directing us so to do, is to such extent only declaratory of the duty imposed upon all courts by the constitutional provision here invoked, that is, to avoid useless and unnecessary delay in the administration of right and justice, and it is beyond the power of the legislative branch of government to so limit the power of courts as to entail such delay.

If the part of Section 3342 here complained of does in fact undertake to compel the court in every case of reversal to remand for rehearing, then doubtless it is unconstitutional in the respects claimed. However, notwithstanding views of both appellant and re-

spondent to the contrary, we do not think the statute is susceptible of that meaning. While exclusive grounds are therein named upon which the circuit court on appeal may "modify, reverse, remand for rehearing, or set aside the award," it seems incredible that they were intended to limit the court's power, incident to the jurisdiction conferred upon it to entertain such appeals, to render final judgment upon "questions of law" properly lodged. Neither the term "reverse," nor the preclusive specification of grounds upon which the power to reverse may be exercised, nor anything else in the statute appears to compel such interpretation. A common sense reading of the text suggests a remand for rehearing to the fact-finding body whenever there are facts, either present or prospective, that must be determined, but not otherwise. It is true that in State ex rel. May Department Stores v. Haid, 38 S. W. (2d) 44, 48, 327 Mo. 567, cited by respondent; in Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W. (2d) 601, 604; Teague v. Laclede-Christy Clay Products Co., 52 S. W. 880, 882, 331 Mo. 147; and in many other cases appealed on records presenting contradictory or controverted evidence, we have stressed the plain language of the statute as to the conclusive and binding effect of the commission's findings of fact made within its powers and in the absence of fraud. But the kind of record hypothesized in this discussion is one in which the conceded facts warrant a judgment as a matter of law. Conceded facts call for no findings of facts, and however couched the questions arising thereon are questions of law finally determinable by the courts. The distinction seems obvious and our rulings in the cases just cited are not at variance herewith.

■ Although we have sustained the constitutionality of Section 3342 the record in the instant case must be considered in the light of the construction we have just placed upon this statute. It presents an appeal from a judgment of the circuit court sustaining a motion to quash an execution issued upon a judgment previously rendered in that court. Such a motion is a collateral attack upon the judgment on which the execution was issued. [34 C. J. 524, notes 84, 88: Gary Realty Co. v. Swinney, 317 Mo. 687, 297 S. W. 43, 44.] Only a judgment void for want of jurisdiction is open to such impeachment, and want of jurisdiction must affirmatively appear on the face of the record. [34 C. J. 528, 529, 530, notes 14 and 15 and cases cited thereunder.] In Robinson v. Levy, 217 Mo. 498, 513, 117 S. W. 577, 582, we quoted with approval as follows from Munday v. Vail, 34 N. J. Law 422: "Jurisdiction may be defined as the right to adjudicate the subject-matter in the given case. To constitute this, there are three essentials: First. The court must have cognizance of the class of cases to which the one to be adjudged belongs. Second. The proper parties must be present. And, Third, the point decided

must be, in substance and effect, within the issue." Such is the rule approved in 15 Corpus Juris 734, section 34, C. 1, note 85. In Rivard v. Missouri Pacific Railway Co., 257 Mo. 135, 167, 168, 165 S. W. 763, we said:

"The failure to distinguish between 'the erroneous exercise of jurisdiction' and 'the want of jurisdiction' is a fruitful source of confusion and errancy of decision. In the first case, the errors of the trial court can only be corrected by appeal or writ of error. In the last case its judgments are void, and may be assailed by indirect as well as direct attack. A court is possessed of jurisdiction when it is permitted by the policy of the law to hear and determine cases of the same nature as the one with respect to which the complaint is made, and where it has jurisdiction of the persons of the parties to the suit. The judgment of the trial court lacking either of those essentials is open to any form of attack. It follows that the judgment of a court of general jurisdiction with the parties before it and with power to grant or refuse relief in the case presented, though contrary to law as expressed in the decisions of the Supreme Court or the terms of a statute, is at most only an erroneous exercise of jurisdiction and as such impregnable to an assault in a collateral proceeding."

The only finding of the commission disclosed in counsel's agreed statement or in the record before us is "that injury resulted in a loss of hand was not the result of an accident arising out of and in the course of his employment." It does not appear from the face of the judgment that there was any evidence tending to support this finding or any other finding by the commission, but it does appear therefrom that the court found as a matter of law from the record duly certified by the commission and "consisting of the documents and papers on file, the transcript of the evidence of said Commission and the final findings and awards of said Commission," that (a) the facts found by the commission did not support the award; and (b) there was not sufficient competent evidence in the record to warrant making the award.

The face of the judgment also shows that the court further found from the transcript of the evidence that while both employee and employer were working under the Missouri Compensation Law the employee sustained an injury arising out of and in the course of his employment, that the employee was receiving a certain average weekly wage, that the value of medical aid paid by him was so much, that the employer had paid him so much, and that certain amounts were due the employee from the employer under the terms of said law. Thereupon, the court ordered, adjudged and decreed "that said findings and award of the Missouri Workmen's Compensation Commission be, and the same hereby are, reversed, set aside and for naught held,"

and that the employee "have and recover of and from respondent Chevrolet Motor Company the sum of $2,292.50 due to date and thereafter the sum of $20.00 per week for 89 weeks, together with all costs of suit; and that execution issue therefor." For aught that appears in the record properly before us, the facts recited in the judgment may have been fully conceded, as appellant contends. Such might be inferred from respondent's failure to bring up the full record by appeal duly perfected from the judgment rendered against it in the circuit court. If such facts were conceded then all of the circuit court's findings were matters of law upon which it had power to render judgment as it did. It is nowhere suggested that the proper parties were not present, nor can we say that the matters decided were not, in substance and effect, within the issues made by the parties.

Want of jurisdiction in the circuit court to render the judgment in question does not affirmatively appear on the face of the record. Therefore, the judgment sustaining motion to quash the execution should be and the same is reversed.

All concur, except *Hays, J.,* absent.