ANDREW KRISTANIK, DEFENDANT IN ERROR, v. CHEVROLET MOTOR COMPANY, PLAINTIFF IN ERROR.—41 S. W. (2d) 911.

St. Louis Court of Appeals. Opinion filed September 15, 1931.

*McCarthy, Morris & Zachritz* for plaintiff in error.

*Douglas H. Jones* for defendant in error.

SUTTON, C.—This is an action for compensation under the Workmen's Compensation Act. Plaintiff was an employee of the defendant. His left hand was injured, and blood poisoning developed so that amputation became necessary. The hand was amputated about an inch above the wrist. The compensation commission found that "the injury resulting in the loss of plaintiff's hand was not the result of an accident arising out of and in the course of his employment," and denied plaintiff compensation. The circuit court, on appeal, reversed the award of the commission, and entered judgment for plaintiff, awarding him compensation and expenses incurred for medical aid. To reverse this judgment the defendant brings the case here by writ of error, sued out long after the lapse of the judgment term.

Plaintiff questions the jurisdiction of this court to review the case upon writ of error, and asks that the writ be dismissed, for the reason that the compensation act provides for review by appeal only. In this we think the plaintiff is clearly right. Section 44 of the compensation act (Sec. 3342, R. S. 1929) provides as follows: "An appeal from the circuit court shall be allowed the same as in civil actions, and all appeals to the circuit and appellate courts shall have precedence over all other cases except election contests." The proceedings under the compensation act are purely statutory. The act is special and entirely out of the course of the common law, and the code of civil procedure is not applicable thereto. It is a code unto itself. The rights of the parties and the manner of procedure must be determined by the provisions of the act. It follows as a matter of course that the reviewing remedy provided by the act is exclusive. [De May v. Liberty Foundry Co. (Mo.), 37 S. W. (2d) 640; State ex rel. May Department Stores v. Haid (Mo.), 38 S. W. 44; Birmingham Drainage District v. C. B. & Q. R. Co. (Mo.), 202 S. W. 404; Buschling v. Ackley, 270 Mo. 157, 192 S. W. 727; State ex rel. Hancock v. Spencer, 166 Mo. 279, 65 S. W. 984; State ex rel. Wells v. Hough, 193 Mo. 615, 91 S. W. 905; State ex rel. Prescott Laundry Co. v. Missouri Workmen's Compensation Commission (Mo.), 10 S. W. (2d) 916.]

Moreover, it is evident, on the face of the compensation act, that it was the intention of the Legislature, that proceedings under the act should be summarily and speedily determined. In view of this, it is inconceivable that the Legislature intended to subject the proceedings to the delay that a right of review by writ of error would allow.

The Commissioner recommends that the writ of error herein be dismissed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The writ of error is accordingly dismissed. *Haid, P. J., Becker* and *Nipper, JJ.,* concur.