John Henry SILAS, Claimant-Respondent,

v.

ACF INDUSTRIES, INC., a Corporation, Employer-Appellant.

No. 33175.

St. Louis Court of Appeals.

Missouri.

April 15, 1969.

Gentry, Bryant & Sheppard, Stephen M. Hereford, Robert Dodson, St. Louis, for employer-appellant.

James F. Koester, Kenneth Weinstock, St. Louis, Dempsey & Dempsey, David G. Dempsey, Clayton, for claimant-respondent.

DOERNER, Commissioner.

In this claim for compensation under our Workmen's Compensation Law the Industrial Commission affirmed the award of the Referee and entered a final award in favor of claimant for $359.64 for temporary partial disability and $2040.00 for permanent partial disability, or a total of $2399.64, together with interest thereon at 6% from June 22, 1967. On the employer's appeal the Circuit Court affirmed, and the employer now seeks a reversal of that judgment.

The transcript reveals that counsel first retained by the claimant filed a claim on the latter's behalf on March 11, 1964, in which it was alleged that the claimant's left leg and left kneecap had been injured in an accident in May, 1963, when claimant slipped and fell in the trailer hitch department. That claim was given the number of XX–79255 by the Industrial Commission. The employer filed an answer thereto, in which it denied that claimant had suffered an accident, and subsequently filed a report of injury. According to the Referee's additional findings of

fact counsel first employed by claimant withdrew on March 11, 1964. Thereafter, on February 9, 1965, unaware that claim No. XX–79255 had been filed and was pending, attorney James F. Koester filed a claim on behalf of claimant with the Industrial Commission which was given the number of XX–82209. In that claim it was asserted that claimant had sustained an accident on June 18, 1963, and had injured his left knee, when while lifting a sheet of steel he stepped on a molding rod and fell. In its answer to claim No. 82209, filed on February 18, 1965, the employer denied that the claimant had sustained an injury or either temporary or partial disability resulting from the alleged injury.

Claimant, who testified that he had only graduated from grade school, left his mother's home where he had been living in St. Louis and went to Seattle, Washington, in March, 1965. He returned to St. Louis in August, 1965, but upon his return took up his residence with his brother. The record before us shows that in the meantime, by an order of the Referee dated May 6, 1965, claim No. XX–79255 was dismissed on April 28, 1965 for the reason, as stated in the order, that " * * * notice of hearing for the *28th day of April 1965* was directed to the claimant at his last known address by certified United States mail, receipt of which is contained in this file" and claimant failed to appear. The order states that, "IT IS HEREBY ORDERED, therefore, that claimant's claim for compensation filed on the date set out above is hereby dismissed." Claimant first learned of that order about August 7, 1965, when he received his accumulated mail from his mother upon his return from Seattle.

On January 21, 1966, Koester filed what is titled "Claimant's Motion to Set Aside Order of Dismissal and to Set Claim for Hearing" in which it was requested that the dismissal of Claim No. XX–79255 be set aside, and that that claim be consolidated for hearing with Claim No. XX–82209. Thereafter the cause came on for

hearing before the Referee on November 22, 1966, at which time the employer raised the objection that the Referee lacked jurisdiction to hear the case because the claim for the alleged injury had been dismissed. The employer also orally raised the objection that the claim numbered XX–82209 was barred by the statute of limitations. In his award dated June 22, 1967, awarding claimant the compensation stated, the Referee found that the claimant had sustained an accident arising out of and in the course of his employment on June 18, 1963, resulting in an injury to his left leg at the knee, when he fell while lifting a sheet of metal. And in his additional findings of fact the Referee found that Claim No. XX–82209 had been filed because Koester had not been advised of the filing of Claim No. XX–79255, that the Commission had unknowingly set up two files, although only one injury was sustained, and that the Referee on April 28, 1965, who was unaware of the opening of the second file on the same "cause of action," had dismissed Claim No. XX–79255 when no one appeared at the setting. He also found that the two files should have been consolidated and ordered them consolidated. In addition, the Referee found that the claim was not barred by the statute of limitations because the employer, as testified by the claimant, had furnished medical treatment to the claimant in 1965.

The employer raises no question regarding the merits of claimant's claim. In its first point in its brief it takes the position that the Referee's order of May 6, 1965 was a dismissal with prejudice of the first claim and operated as a final adjudication of it on the merits. And in its second point the employer contends that, "The second claim clearly relates back to the first claim, since there was only one injury, and therefore occupies the same status—a dismissed claim, a final adjudication on the merits, from which no appeal was ever taken. * * *" Thus the employer takes the position that the dismissal of the first claim acted as an adjudication of it on its

merits, and was therefore res adjudicata as to the second claim.

There are a number of reasons why we cannot agree with the employer's position. In the first place § 287.550, RSMo 1959, V.A.M.S. provides that all proceedings before the Commission shall be simple, informal and summary, and that no defect or irregularity therein shall invalidate the same. And our courts have repeatedly held that procedural rights are considered as subsidiary and substantive rights are to be enforced at the sacrifice of procedural formality. Groce v. Pyle, Mo.App., 315 S.W.2d 482. It is conceded by the employer that there was only one accident and one injury. It should be noted that the claimant's second claim was filed on February 9, 1965, before the Referee made the order of May 6, 1965 dismissing the first claim. Of course only one claim could be prosecuted for the single accident and injury, and hence when the second claim was filed it was tantamount in legal effect to the filing of an amended claim which superseded the original claim. It follows that the order of May 6, 1965, made in ignorance of the fact that the first claim had been superseded by the second or amended claim, was a nullity and legally did not operate as an adjudication on the merits of the first claim.

Secondly, the employer maintains that the order of May 6, 1965, was an adjudication on the merits of the first claim because the dismissal was with prejudice. In support of that part of its argument the employer cites § 510.150, which provides in general that an involuntary dismissal shall be with prejudice unless the court in its order for dismissal shall specify otherwise. The answer to that argument is that our Code of Civil Procedure, including Civil Rule 67.03, V.A.M.R., which superseded § 510.150, is not applicable to proceedings under our Workmen's Compensation Law. Gillespie v. American Bus Lines, Mo., 246 S.W.2d 797; Groce v. Pyle, Mo.App., 315 S.W.2d 482; Kris-

tanik v. Chevrolet Motor Co., 226 Mo.App. 89, 41 S.W.2d 911.

Lastly, in its brief the employer quotes and relies on what it states are certain rules of the Industrial Commission regarding the dismissal of a claim for want of prosecution, after notice, and the finality of an award by a referee after the lapse of 20 days from the issuance of the award. Such rules were not introduced in evidence, and it has long been the law that courts cannot take judicial notice of the rules of administrative agencies, including the Industrial Commission. Nabors v. United Realty Co., Mo.App., 298 S.W.2d 474. We note, in passing, that the Commission's rule quoted in the employer's brief does not provide, as does Civil Rule 67.03, that the dismissal of a claim for compensation for want of prosecution shall be with prejudice unless in the order it is otherwise specified. Nor did the order of May 6, 1965, made by the Referee, so provide.

In its third and final point the employer admits that the claimant testified, and the Referee found, that the employer furnished medical treatment to the employee in 1965, and concedes that by virtue of such treatment the Referee found that the second claim, filed well within one year after the rendition of such treatment, was not barred by the statute of limitations. But the employer contends that such medical aid was rendered for the first claim, and therefore did not toll the statute of limitations as to the second claim. What we have already said regarding the existence of but one injury and one claim is likewise applicable here. Furthermore, the employer confuses the words "claim" and "injury." The statute of limitations, § 287.430, provides that the one year period of limitation is tolled by a payment " * * on account of the injury * * *." The medical aid furnished by the employer to the employee related to the injury sustained on June 18, 1963, not to a claim.

And as our Supreme Court has held, § 287.430 is one of repose, not one which extinguishes a claim, and the furnishing of medical services after the expiration of the one-year period of limitation has elapsed revives the right to compensation so that a claim filed within one year thereafter is timely. Welborn v. Southern Equipment Company, Mo., 395 S.W.2d 119.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment affirmed.

WOLFE, P. J., BRADY, J., and DOUGLAS W. GREENE, Special Judge, concur.