In re Alonzo Allen.

Alonzo ALLEN, Petitioner, Appellant,

v.

STATE DEPARTMENT OF PUBLIC HEALTH AND WELFARE of Missouri, Respondent.

No. 34196.

Missouri Court of Appeals, St. Louis District.

March 28, 1972.

Allen S. Brenner, Arnold T. Phillips, Jr., St. Louis, for appellant.

Elmore G. Crowe, Edward D. Summers, Dept. of Public Health & Welfare, Jefferson City, for respondent.

BRADY, Chief Judge.

The petitioner filed his application for permanent and total disability benefits on September 29, 1969. The application was approved on January 30, 1970. Thereafter the petitioner appealed to the Director of the State Department of Public Health and Welfare alleging undue delay in processing his application and seeking payments retroactive to the date of his application. Following a hearing the Referee affirmed the decision of the Division of Welfare[1] holding the evidence disclosed unusual circumstances thus avoiding the rule of the Division requiring action within 60 days. The circuit court affirmed the decision of the Director, Department of Public Health and Welfare.[2] Petitioner appeals to this court alleging error by the circuit court in affirming the Director's decision. We find none.

The transcript of the hearing before the Referee discloses the following facts. Mr. Thomas Darnell, a caseworker for the Division of Welfare, was the only witness called. He testified that the application was filed on September 29, 1969; he was assigned as the caseworker on October 6, 1969; his first act was to make a home visit to the petitioner on October 22, 1969; he became ill for a period of two or three weeks in his home town of Columbia, Missouri; upon his return to work in St. Louis he sent a letter to the State Hospital to get petitioner's hospital records; sometime in late December he talked with a Mrs. Berk at the State Hospital concerning the letter; she advised him that she had given the letter to a Mr. Meyer to take to Malcolm Bliss Hospital where petitioner was being treated and where the records were located; the letter was finally delivered to Malcolm Bliss on January 5, 1970; the requested evaluation was received by the witness on January 20, 1970, and immediately forwarded to the M.R.T. (Medical Review Team); the report was returned on January 26, 1970; and the application approved on January 30, 1970. Petitioner, through his attorney, restated his request for " * * * retroactive benefits based on a violation by this agency of a Federal regulation which allows 60 days to process an application for permanent and total disability benefits, * * *." The Referee found the elapse of 123 days between application and action involved unusual circumstances which avoided the applicability of Rule 4.2 of the Division of Welfare requiring action on permanent and total disability assistance application within 60 days from the date of application.

On appeal, petitioner alleges: first, that the circuit court erred in not finding the Director's decision arbitrary and unreasonable because there was no substantial evidence to show that it was made in accord with law and because the exception to the 60 day rule, if valid, was not properly applied; and, second, that the circuit

---

1. As hereafter used in this opinion, the Division of Welfare will be referred to as Division.

2. As hereafter used in this opinion the Director, Department of Public Health and Welfare will be referred to as Director.

court erred in not finding the Director's decision unauthorized by law.

The respondent raises the fundamental issue of jurisdiction contending the circuit court is not empowered to consider an appeal of this case under either § 536.140, RSMo 1969, V.A.M.S. (Administrative Procedure Act) or § 208.100, RSMo 1969, V.A.M.S. If that contention is upheld then this court equally lacks jurisdiction to rule the merits of this appeal. Shepler v. Shepler, Mo.App., 348 S.W.2d 607, 1. c. [1]609.

■ We agree with respondent regarding appeal under the Administrative Procedure Act. Aid to totally and permanently disabled persons under § 208.051, RSMo 1969, V.A.M.S. is clearly a public assistance or gratuity just as much as aid to dependent children, § 208.040, RSMo 1969, V.A.M.S., or old age assistance, § 208.030, RSMo 1969, V.A.M.S. As such, it is a grant of public money and the applicant has no vested rights in the assistance. Therefore we must conclude that review provided by Article V, Section 22 of the Missouri Constitution, V.A.M.S., and embodied in the Administrative Procedure Act is not applicable to this case. Ellis v. State Dept. of Public Health and Welfare, 365 Mo. 614, 285 S.W.2d 634; State ex rel. State Highway Commission v. Weinstein, Mo., 322 S.W.2d 778.

■ Did the trial court have jurisdiction under § 208.100, supra? Section 1 of that statute reads: "1. *Any applicant aggrieved* by the action of the director of public health and welfare *by the denial of benefits* in passing upon the appeal to said director may appeal to the circuit court of the county in which such applicant resides within ninety days from the date of the action and decision appealed from." (Emphasis added.) Respondent contends that the appellant in this case was not denied any benefits, the only question being whether there was an unreasonable delay in acting on appellant's application, and such an issue is not reviewable under that statute. The determinative issue on this point is whether the Director's decision constituted a denial of benefits.

There is no question but that the Director had authority to consider the appeal. § 208.080, paragraph 1 RSMo 1969, V.A. M.S. provides in pertinent part that any applicant may appeal "(2) If his application is disallowed in whole or in part or is not acted upon within a reasonable time after it is filed; * * *." He is then charged with making "* * * such decision as to the granting of assistance and the amount thereof as in his opinion is justified and in conformity with the provisions of this chapter." Paragraph 3, § 208.080, supra.

A review of the facts in this case demonstrates that the Director's decision resulted in a denial of benefits. The petitioner in his application for a hearing stated that the basis for the application was "Delay in action" and "Applied September 29, 1969, am seeking retroactive benefits to the date of application." The first question to be determined was a question of fact; i. e., was there a delay and was that delay reasonable and allowed under the rules. If the delay was unreasonable petitioner's request for retroactive payment might be sustained. Here the Referee found delay but also found that delay reasonable under the applicable rules. Thus he did not reach the question of when payments should have started and he did not make a specific finding on that issue. That does not mean, however, that his action did not result in a denial of benefits. It obviously did do just that for the result was the petitioner received less than he applied for. The retroactive benefits he applied for were denied. It is this fact we look to in order to determine whether there was a denial of benefits rather than the lack of a specific order on that issue. It follows the circuit court had jurisdiction of this case and the appeal on the merits is properly before this court.

The scope of the trial court's review is limited to determining whether or not a fair hearing was afforded the applicant.

§ 208.100(5), RSMo 1969, V.A.M.S. The second sentence of that section expands the term "fair hearing" when it states: "If the court shall decide for any reason that a fair hearing and determination of the applicant's eligibility and rights under this law was not granted the individual by said director, or that his decision was arbitrary and unreasonable, the court in such event shall remand the proceedings for redetermination of the issues by said director." In other words, was he given (1) a fair hearing procedurally, Dunnegan v. Gallop, Mo.App.1964, 374 S.W.2d 407; (2) a fair determination of his rights and eligibility under the law, Powers v. State Dept. of Public Health and Welfare, Mo. App., 359 S.W.2d 23; and (3) was the decision of the director supported by substantial evidence, Dunnegan v. Gallop, supra. Our review is limited accordingly.

■ Petitioner does not suggest any procedural error in the case. Nor do we find any. Petitioner was represented by an attorney and given the opportunity to examine the witness and present evidence. We hold a procedurally fair hearing was granted petitioner.

Petitioner's allegations of error are primarily addressed to the issue of a fair determination of his rights under the law. Answering this issue necessarily involves an analysis and determination of those rights. While petitioner's allegations are couched in terms of the Administrative Procedure Act, we consider the merits to the extent cognizable under our scope of review. § 208.070, RSMo 1969, V.A.M.S. requires: "Whenever the county office receives an application for benefits an investigation and record shall be *promptly* made of the circumstances of the applicant by the county office in order to ascertain the facts supporting the application." (Emphasis added.)

Petitioner urges this court to go beyond a determination of whether the investigation was promptly made. He relies upon § 208.190 and § 207.020, RSMo 1969, V.A.

M.S., and contends he had a right to have an investigation within 60 days and that no exception to that time limit is allowed. The former statute directs the Division "to comply with the provisions of any act of congress * * * and to comply with any and all rules and regulations attached to or made a part of such appropriation act and not inconsistent with the constitution and laws of Missouri." § 207.020, supra, states: " * * * the division of welfare shall have the power: * * * (5) To adopt, amend and repeal rules and regulations necessary or desirable to carry out the provisions of this act * * *." Petitioner then argues: (1) the Division has adopted a 60 day processing rule for APTD cases which in light of other rules does not allow an interpretation granting an exception (thus his right for 60 day processing is unfairly infringed); (2) the Secretary of Health, Education and Welfare has prepared an H.E.W. Handbook of Public Assistance Administration (Handbook), a part of which requires 60 day processing for APTD cases and therefore the exception to the rule violates his right under the "Handbook" as applicable to Missouri under § 208.190, supra; (3) the Social Security Act in which Missouri participates requires the state plan to be consistent with the rules and regulations allegedly contained in the "Handbook" and violated by the exception.

■ Neither the division rules nor the provisions of the "Handbook" were pleaded or proven at the hearing. Generally this court will not take judicial notice of rules of administrative agencies. Nabors v. United Realty Co., Mo.App.1957, 298 S.W.2d 474. Similarly, § 208.100(4), supra, states that the appeal is to be heard upon the record of proceedings had before the Director. Any evidence outside the record as certified by the Director cannot be considered. Powers v. State Dept. of Public Health and Welfare, supra.

■ In light of the requirement of compliance with the federal "rules and regu-

**188**

lations" under § 208.190, supra, we have considered whether we are required to take judicial notice of the "Handbook" provisions pursuant to the Public Printing and Documents act. 44 U.S.C.A. § 1507. We have grave doubt this act extends to state courts the requirement of judicial notice stated therein but we need not decide that issue here. This for the reason that we are unable to find nor did petitioner indicate where the provisions of the "Handbook" upon which he relies are published in the Federal Register. It is only those matters that are published therein and which meet the other requirements of § 1507, supra, to which the provision as to judicial notice applies even if applicable to this court. It follows we are limited to those matters pleaded and proved at the hearing, and the law of Missouri.

Petitioner also argues that the exception found by the Division, if upheld, will cause the Missouri plan to be inconsistent with the Social Security Act. We do not agree. The Missouri plan is consistent with the federal plan as far as time for processing applications is concerned. Like v. Carter, 318 F.Supp. 910 (D.C.Mo.1970).

Under the evidence here presented the only issue is petitioner's right to have a prompt investigation. There is nothing to preclude an exception to Division Rules in unusual circumstances. We hold petitioner was granted a fair determination of his rights under the law.

The only remaining question is whether the Director's finding of "unusual circumstances" was arbitrary and unreasonable. The caseworker was ill for a period of two to three weeks; the letter seeking medical records was sent to the wrong hospital; and the caseworker made reasonable efforts to locate the records after he learned of the misdirection. Clearly these occurrences could not have been foreseen; they were "unusual circumstances" and to base a delay upon them would be neither arbitrary nor unreasonable. The

Director's decision was supported by substantial evidence.

The judgment is affirmed.

DOWD, J., and ROBERT LEE CAMPBELL, Special Judge, concur.