STATE of Missouri, Plaintiff-Respondent,

v.

Jackie G. FORESTER, Defendant-Appellant.

No. 9253.

Missouri Court of Appeals,
Springfield District.

Jan. 26, 1973.

Zane H. White, Pros. Atty., Rolla, for plaintiff-respondent.

Jay V. White, Rolla, for defendant-appellant.

ROBERT LEE CAMPBELL, Special Judge.

Appellant was convicted by a jury of driving while intoxicated, and he appeals.

Approximately 5:00 p. m., on July 10, 1971, an automobile owned by appellant's wife collided with a motor vehicle parked entirely off the highway on the shoulder of Route T in Phelps County, Missouri. An eyewitness to the collision testified that only one person was in the automobile. Appellant was seated in the front seat on the driver's side of the automobile when Trooper Larry Owen of the Missouri State Highway Patrol arrived at the scene within ten minutes of the collision. The eyewitness identified appellant as the driver of the automobile. Trooper Owen testified that appellant was inebriated, smelled strongly of intoxicating beverages, was belligerent, talked in circles, and appeared to stagger.

Appellant's evidence consisted of the testimony of three witnesses to the effect that at various times prior to the collision, some other person not known to them was driving the automobile and that appellant was not.

Appellant consented to take a breathalyzer test, and the test showed .27% of alcohol in appellant's blood.

Appellant's sole point on appeal is that "The Court erred by submission to the jury of the chemical breath test for deter-

mination of alcohol content in appellant's blood as authorized by Section 564.441, R.S.Mo., 1969 [V.A.M.S.], for the reason that there was insufficient credible, admissable [sic] and proper evidence to support such a submission." Appellant's entire argument on this point is "There being no proof of the regulations of the Missouri Department of Health concerning the giving of the breathalyzer test leaves the Court with insufficient evidence in order to base the instructions concerning the effect to be given such evidence."

V.A.M.R. 84.04(d) provides: *"Points Relied On.* The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder . . . ." Under "Points and Authorities", appellant cites to this Court only "564.441 and 564.442, R.S.Mo., 1969 [V.A.M.S.]." Nevertheless, we will decide this case on the merits.

■■ Trooper Owen's permit from the Department of Public Health and Welfare to operate a breathalyzer 900 machine was properly received in evidence by the trial court. State v. Becker, Mo.App., 429 S.W.2d 290. Also, there was no objection to its introduction into evidence. In addition, Trooper Owen testified, *without objection,* as follows:

"Q Now, was the training you were given, is that on this breathalyzer, is that in accordance with the Division of Health regulations?

"A Yes sir, that's correct."

Finding no error, the judgment is affirmed.

TITUS, C. J., HOGAN and BILLINGS, JJ., and PAUL E. CARVER, Special Judge, concur.

STONE, J., not sitting.