**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**John Emil KRAMME, Defendant-Appellant.**

**No. 9254.**

Missouri Court of Appeals,
Springfield District.

Jan. 30, 1973.

Zanc H. White, Pros. Atty., Rolla, for plaintiff-respondent.

Jay V. White, Rolla, for defendant-appellant.

DOUGLAS W. GREENE, Special Judge.

Defendant John Emil Kramme appeals from the judgment and sentence entered upon a jury verdict which found him guilty of a misdemeanor offense of driving a motor vehicle while in an intoxicated condition [V.A.M.S. 564.440, as amended, Laws 1967, p. 410] and assessed a fine of one hundred fifty dollars.

On May 22, 1971, Trooper John E. Fox of the Missouri State Highway Patrol ob-

served an automobile driven by defendant weaving back and forth across the center line of Interstate Highway 44 in Phelps County, Missouri. Fox stopped the defendant and told him to get out of the automobile. Defendant's breath had a strong odor of intoxicants, he was unsteady on his feet, and his speech was slurred and incoherent. His eyes were bloodshot and watery. When he was taken to Patrol Headquarters for a breath test he had to hang onto the table to keep his balance. Defendant consented to take a breathalyzer test, and the test result showed twenty-four hundredths of one percent alcohol in defendant's blood. In Trooper Fox's opinion, defendant was intoxicated.

Trooper Fox had been a Member of the Highway Patrol for four years. He had arrested and observed many persons who had been intoxicated. He had taken a two weeks' course on the operation and use of a model 900 breathalyzer at the Patrol Academy and had a type three permit issued by the Division of Health, which qualified him to operate a model 900 breathalyzer. At the time of the test in question Trooper Fox was familiar with the methods prescribed by the Division of Health for the operation of the breathalyzer, and he used such methods "by following the form" when he tested defendant. He did not know if the machine measured blood alcohol by weight or volume, or if it measured from a mechanical or chemical standpoint.

Defendant's only points on appeal are that (1) the trial court erred "[b]y admitting an abundance of evidence concerning the breathalyzer test, over the objection of [defendant]," and (2) "[b]y failing to give any instructions concerning the chemical analysis of appellant's blood, as indicated by the breathalyzer test and the effect to be given such evidence as authorized by Section[s] 564.441 and 564.442, R.S.Mo., 1969, V.A.M.S."

In considering defendant's first assignment of error, we note that defendant's only objection at the time of trial to the "abundance" of breathalyzer test evidence came when the prosecuting attorney was attempting to qualify the witness, Trooper Fox, as an expert on the operation of the model 900 breathalyzer. The state sought to introduce its exhibit one (the type three permit of Trooper Fox) into evidence. Defendant's counsel objected, stating "he hasn't sufficiently qualified himself to show that he's following the present up-to-date method that's prescribed by the Division of Health for the operation of the machine, and that—also, that he can't tell us whether it operates by weight of the volume or as—is chemical, or is a mechanical device in the measurement of the alcoholic content." The trial court overruled the objection and permitted the witness to testify that he gave the witness the breath test, and what the result of the test was. There was no testimony that the test result (.24 of alcohol in the blood) was any evidence of intoxication.

■■ We are aware that V.A.M.S. § 564.441, Subdivision 2, specifically provides that "[c]hemical analysis of [a] person's breath, to be considered valid under the provisions of sections 564.441, 564.442 and 564.444, shall be performed according to methods approved by the state division of health by a person possessing a valid permit issued by the state division of health for this purpose. . . ." We are also aware that the requirements of V.A.M.S. § 564.441, Subdivision 2, are statutory substitutes for a common law foundation for the introduction of evidence of the analysis for blood alcohol, and are mandatory. State v. Sinclair, Mo.App., 474 S.W.2d 865, 868; State v. Paul, Mo.App., 437 S.W.2d 98, 102. However, we are not prepared to say that the trial judge erred in permitting Trooper Fox to testify regarding the breath test. The competency of a witness to testify, especially where such competency is dependant upon the qualifications of the witness, is a question for the trial court. State v. Blevins, Mo., 427 S.W.2d 367, 369(2); State v. Oswald, Mo., 306 S.

W.2d 559, 563(7); and, absent a clear abuse of discretion, will not be disturbed on appeal.

 We find no such abuse in this case. Trooper Fox testified that he followed the regulations of the Division of Health in giving the breath test, and he identified state's exhibit one as his permit to operate the breathalyzer 900 for the determination of the alcoholic content of blood. This met the statutory requirements. See State v. Becker, Mo.App., 429 S.W.2d 290.

Defendant's only other assignment of error on appeal is that the trial court erred in failing to instruct the jury as to the legal effect to be given to the evidence concerning defendant's breath test for blood alcohol. V.A.M.R. 26.02(6) provides that "[i]n all criminal cases the court, whether or not it shall have been requested so to do by either party, must instruct the jury in writing upon all questions of law necessary for their guidance in returning their verdict . . .. In all felony cases failure so to instruct shall be good cause for setting aside a verdict of guilty by the jury and granting a new trial." See also V.A. M.S. § 546.070(4).

 Defendant's only citation in support of his position is State v. Wood, Mo., 266 S.W.2d 632, 634. Wood was a felony case. This case is a misdemeanor. It has been the law of Missouri since 1892 that non-direction of a jury in a misdemeanor case is not a ground for setting aside a verdict. State v. Matheis, 49 Mo.App. 237, 240.

If the jury had been misdirected or if the court had refused to give proper instructions offered by the defendant on points not covered by instructions of the court, defendant's point would merit consideration. State v. Russo, Mo.App., 470 S.W.2d 164, 167; State v. Burgess, Mo. App., 456 S.W.2d 641, 643.

In this case, where defendant did not request any instructions, and none were given, in regard to the breath test re-sults, he cannot now, on appeal, successfully complain of the trial court's alleged error in failing to instruct the jury on what he contends was an essential element in his case. State v. Katz Drug Company, Mo. App., 362 S.W.2d 80, 83; State v. Egan, Mo.App., 272 S.W.2d 719, 727.

In addition to defendant's assignments of error, we have carefully examined the record and find no plain error that resulted in manifest injustice to the defendant. V.A.M.R. 27.20(c); State v. Chester, Mo. App., 445 S.W.2d 393, 398(7).

 The evidence supported the verdict, as evidence other than the breathalyzer test made a submissible case. State v. Persell, Mo.App., 468 S.W.2d 719, 721(1); State v. Chester, supra, 445 S.W.2d 393.

The judgment is affirmed.

TITUS, C. J., and STONE, HOGAN and BILLINGS, JJ., concur.