**STATE of Missouri, Respondent,**

v.

**James Edward COOK, Appellant.**

**No. KCD 27633.**

Missouri Court of Appeals,
Kansas City District.

Nov. 3, 1975.
Motion for Rehearing and/or Transfer
Denied Nov. 19, 1975.

Larry L. Zahnd, James W. Whan, Zahnd & Whan, Maryville, for appellant.

Alden S. Lance, Pros. Atty., Andrew County, Savannah, for respondent.

Before SOMERVILLE, P. J., PRITCH-ARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

Defendant was convicted of driving while intoxicated in violation of § 564.440, RSMo 1969. Since the charge was a misdemeanor, he was tried originally in the magistrate court and after being convicted there, appealed to the circuit court. On trial de novo, the court, sitting without a jury, found defendant guilty and assessed a fine of $200.

The charge originated on January 25, 1972, when Trooper Meade of the Highway Patrol observed defendant cross the centerline of Highway 71 a number of times. Trooper Meade stopped the defendant and on talking with him noticed a strong odor of intoxicants on his breath. The trooper had defendant get out of his car and requested defendant to walk the white line painted on the edge of the pavement. The trooper stated the defendant was unable to do this.

Defendant was then taken to the Andrew County Jail where he was observed by Sheriff Miller and Deputy Gegg. Trooper Meade, holding the proper license to do so, then administered the breathalyzer test to defendant. This test revealed a reading of .15. Trooper Meade, Sheriff Miller and Deputy Gegg all testified that based on their experience and on their observation of defendant's unsteadiness on his feet and his appearance he was intoxicated, in their opinion. Sheriff Miller further testified as to his observation of defendant when he was released from jail the following morning and expressed his opinion that defendant was intoxicated based on his observation in the difference in defendant's condition from the night before and the morning after.

■ On this appeal defendant raises two points concerning admission of the results of the breathalyzer test. Defendant contends first the State did not show that Trooper Meade had complied with the rules and regulations of the Division of Health in administering the test. Contrary to defendant's position, Trooper Meade testified that in administering the breathalyzer test he did follow the prescribed procedure given by the Division of Health for the administration of breathalyzer tests. This was held to constitute a sufficient foundation for the reception in evidence of the result of the test in *State v. Kramme*, 491 S.W.2d 24 (Mo.App.1973).

■ Defendant next contends the State failed to show the measurement of the amount of alcohol in the blood of defendant was made in accordance with the requirements of § 564.442, RSMo 1969. In his argument defendant quotes that Section as it reads now. However, at the time of this offense that Section had been amended by Laws 1969, Third Ex.Sess., p. 111, ¶ 1. As the Section existed in January, 1972, it provided in ¶ 2: "[p]ercent by weight of alcohol in the blood shall be based upon milligrams of alcohol per one-hundred milliliters of blood." Trooper Meade testified on cross-examination that the measurement by the breathalyzer test which he ran was milligrams to milliliters, or weight to volume. Thus the record reveals the State did show the measurement complied with the requirements of § 564.442 as that Section existed at the time of the offense.

■ Defendant's final contention is that he should have been discharged because he was not brought to trial by the fourth term after his appeal was lodged in the circuit court. His claimed relief is based on §§ 545.900, 545.920 and 545.780. A hearing was held on defendant's motion to dismiss the information on this ground prior to the commencement of his trial. The evidence adduced at this hearing did not show the defendant had requested any trial. It was further shown defendant was on bond. Further he had not appeared in circuit court prior to his trial. In this circumstance, defendant does not bring himself within § 545.780.

In *State v. Harper*, 473 S.W.2d 419 (Mo. banc 1971) it was held a defendant is not entitled to his discharge under §§ 545.900 and 545.920 merely because he has not been tried within the required number of terms. The court there held at p. 424, the defendant " . . . must show that he has demanded a trial, and that such request was made without success for a reasonable length of time before his right to release has been asserted."

Under the holding in *Harper* the defendant is not entitled to his release since he did not show he had ever demanded a trial.

■ Even though the evidence of the breathalyzer test has been held to be admissible, it should be observed that defendant's conviction would have to be affirmed in any event because there was evidence to support the judgment other than the results of the breathalyzer test. *State v. Kramme, supra*.

The judgment is affirmed.

All concur.