**STATE of Missouri, Respondent,**

v.

**Calvin Leroy ADAMS, Appellant.**

**No. 10110.**

Missouri Court of Appeals,
Springfield District.

May 10, 1976.

John C. Danforth, Atty. Gen., Charles L. Howard, Asst. Atty. Gen., Jefferson City, for respondent.

Gary L. Smith, Smith & Holden, Dexter, for appellant.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Defendant Calvin Leroy Adams was found guilty by a Dunklin County jury of the crime of arson of a dwelling [§ 560.010, RSMo 1969] and sentenced under the habitual criminal act by the trial judge to a prison term of six years. We affirm.

In this appeal the defendant challenges the sufficiency of the evidence to support the jury's verdict and has levelled three assignments of error at instructions given or refused.

■ Rule 84.04(e), V.A.M.R., requires that "If a point relates to the giving, refusal or modification of an instruction such instruction shall be set forth in full in the argument portion of the brief." The defendant's brief does not set forth the instructions as mandated by the rule, and his complaints concerning them are not for our review. *State v. Lynch*, 528 S.W.2d 454 (Mo.App.1975); *State v. Mesmer*, 501 S.W.2d 192 (Mo.App.1973).

■ On the sufficiency of the evidence issue we start with the proposition that as the reviewing court we must consider all of the evidence and all reasonable inferences therefrom in the light most favorable to sustain the conviction. Contrary evidence and inferences are cast aside and not for our consideration. *State v. Stapleton*, 518 S.W.2d 292 (Mo. banc 1975).

The jury could find that about a month before the fire which gave rise to the charge against the defendant he had been employed by Mr. Swinger and that as a part of his employment he could live rent-free in the dwelling. Defendant was discharged by Mr. Swinger at the end of the first week and asked to vacate the dwelling. After the defendant left and moved most of his belongings, Mr. Swinger had the gas and electricity to the house disconnected and locked the doors.

On the evening of November 23, 1974, Mr. Swinger was driving in the vicinity of the house and saw a car parked in front of the building. As Mr. Swinger's automobile neared the house he saw the defendant and Truman Medley run from the house and get into the parked car. The defendant drove the vehicle from the scene at a high rate of speed. Mr. Swinger gave chase in his car and, after a brief stop at a nearby home, he again saw the defendant's car at the house where the defendant had formerly lived. As Mr. Swinger drove toward the house the defendant's car sped away. Mr. Swinger saw a "glow" inside the house and upon stopping at the house he found the front door had been broken open and a fire was burning beneath an overturned chair. The defendant and others were apprehended shortly thereafter by officers.

The defendant testified in his own defense and acknowledged he was the driver of the car seen by Mr. Swinger. He said that when he first stopped at the house one of his companions, Charles Sisson, set fire to a paper bag and ran toward the house after stating, "We should burn that house." The defendant admitted he and Medley ran from the house to the defendant's car when Mr. Swinger first approached the house and, after first fleeing the scene, they returned to pick up Sisson.

■ To support a submissible case of arson three elements must be proven by the state. First, a building was on fire. Second, the fire was of incendiary origin. Third, the defendant participated in the commission of the crime. *State v. Bunton*, 453 S.W.2d 949 (Mo.1970).

The dwelling was destroyed by the fire; thus, the first element was established. Natural or accidental causes were negated by Mr. Swinger's testimony, and from the circumstances related herein the jury could find the fire was of incendiary origin. The defendant and his companions drove to the house from which the defendant had been

required to move. The front door was broken, and the fire started beneath an overturned chair. The jury could reasonably infer the burning paper bag was placed beneath the chair in order to kindle the blaze. The second element was established.

Regarding the defendant's participation in the burning of the house, the state was not required to prove that defendant personally committed all of the essential elements of the crime. *State v. Reynolds*, 521 S.W.2d 486 (Mo.App.1975). "Presence, companionship and conduct before, during and after the commission of an offense are circumstances from which participation in the criminal act may be inferred." *State v. Jones*, 524 S.W.2d 186, 187 (Mo.App.1975).

Defendant was the driver of the car. He drove himself and his companions to the house. The jury was not compelled to believe Sisson acted alone in starting the fire and could reasonably infer that defendant helped start the fire and was an active participant in burning his former employer's dwelling. The flight of the defendant is relevant in determining his guilt. *State v. Rutledge*, 524 S.W.2d 449 (Mo.App.1975).

Here, the defendant's car was seen at the scene of the crime shortly before and after the fire was discovered. The same companions were with defendant both before and after the fire started. The defendant drove the car from the scene at a high rate of speed, and he and his companions were still together when arrested. We hold the evidence sufficient to demonstrate the defendant's participation in the crime. *See State v. Gamache*, 519 S.W.2d 34 (Mo. App.1975).

The judgment is affirmed.

All concur.