**STATE of Missouri, Plaintiff-Respondent,**

v.

**Marvin Lee CROWELL, Defendant-Appellant.**

No. 10677.

Missouri Court of Appeals, Springfield District.

Jan. 9, 1978.

Robert L. Payne, Pros. Atty., Dade County, for plaintiff-respondent.

John A. Watkins, Greenfield, for defendant-appellant.

TITUS, Judge.

Defendant was convicted of first offense operating a motor vehicle while intoxicated [§ 564.440(1)] [1] and appeals.

Defendant's brief on appeal contains five points relied on. Points 3, 4 and 5 are tendered without citation of authority as required by Rule 84.04(d). When this occurs, the points are deemed to have been waived or abandoned. *State v. Davis*, 556 S.W.2d 745, 747[8] (Mo.App.1977); *State v. Halliburton*, 531 S.W.2d 554, 556[5] (Mo. App.1975); *State v. Schulten*, 529 S.W.2d 432, 434[2] (Mo.App.1975). In point numbered 2, defendant complains of the giving of Instruction No. 5. However, that instruction is not set forth in the argument portion of the brief as required by Rule 84.04(e), and the point has not been preserved for review. *State v. Rantz*, 546 S.W.2d 200, 201[1] (Mo.App.1977); *State v. Adams*, 537 S.W.2d 201, 202[1] (Mo.App. 1976). Defendant's point numbered 1 is likewise deficient and has been penned contrary to the dictates of Rule 84.04(d). It reads: "The court erred in permitting testimony pertaining to the results of the breath test when no proper foundation had been laid." To ascertain "wherein and why" defendant contends no proper foundation had been laid would require that we either (1) resort to the argument portion of the brief or (2) speculate and guess what is intended by the abstraction. We are not required and decline to do either. *State v. Morrow*, 541 S.W.2d 738, 741[5] (Mo.App.1976), trsf. den. 1977; *State v. McClain*, 541 S.W.2d 351, 354[7] (Mo.App.1976); *State v. Robbins*, 455 S.W.2d 24, 26[1] (Mo.App.1970).

However, before dispatching the appeal for failure to comply with the rules relating

1. References to statutes and rules are to RSMo 1969, V.A.M.S., and to Missouri Supreme Court Rules, V.A.M.R.

to briefs, we make the following observations ex gratia. The first four points relied on by defendant concern alleged errors of the court in permitting and failing to strike testimony anent blood alcohol by breath analysis and giving MAI–CR 3.40, when, as to all of the above, defendant asserts no proper foundation had been laid by showing the test was administered in accordance with the rules and regulations of the Division of Health, and in refusing defendant's proffered jury argument about the state's failure to introduce those rules and regulations into evidence.

■ "[F]or any chemical analysis of [a] person's breath[ ] to be considered valid under the provisions of [§ 564.442], it shall be performed according to methods approved by the state division of health." *State v. Deimeke*, 500 S.W.2d 257, 258[1] (Mo.App. 1973). This requirement is a substitute "for a common law foundation for the introduction of evidence of the analysis for blood alcohol." *State v. Kramme*, 491 S.W.2d 24, 26[1] (Mo.App.1973). There was no need that the Rules for Determination of Blood Alcohol by Breath Analysis (13 CSR 50–140) be in evidence to enable the court to determine whether they were complied with because § 536.031–5 mandates that "[t]he courts of this state shall take judicial notice, without proof, of the contents of the code of state regulations." The case of *State v. Sinclair*, 474 S.W.2d 865, 868[2] (Mo.App. 1971), which is cited and relied on by defendant, is not contrary authority because it was premised on the old, now defunct rule that courts could not take judicial notice of the rules and regulations of state administrative agencies.

■ The evidence was that the test ampules were within the required volumetric and chemical tolerances and that the testing machine was in good operating condition before and after the testing. The trooper who administered the test had a type III permit from the Division of Health. He testified that he did not deviate from the manufacturer's procedures, that the breathalyzer was operating properly and that he conducted the test in conformity with the Rules of the Division of Health. Although he stated that he observed defendant for non-consumption of alcohol and vomiting for 15 minutes rather than the 20 minutes prescribed by the Highway Patrol checklist, the regulations of the Division of Health require only 15 minutes of observation [13 CSR 50–140.040(3)(H)], and the trooper testified he otherwise complied with the patrol checklist, a copy of which was in evidence. *State v. Cook*, 530 S.W.2d 38, 40[1] (Mo.App.1975) and *State v. Kramme*, supra, 491 S.W.2d at 27[3] approved introduction of breath analyses upon lesser foundations than shown in the instant record. See also *State v. Forester*, 490 S.W.2d 671, 672[2] (Mo.App.1973).

For the reasons first stated, the appeal is dismissed.

All concur.