**STATE of Missouri, Plaintiff–Respondent,**

v.

**William Penn HALL, Larry Dwaine Horton, and Victor Lashley, Defendants–Appellants.**

**No. 53059.**

Missouri Court of Appeals, Eastern District, Division Three.

May 24, 1988.

---

Daniel P. Fall, Fredericktown, for plaintiff-respondent.

Thomas C. Boyle, Clayton, for defendants-appellants.

KAROHL, Presiding Judge.

Defendants appeal misdemeanor convictions for pursuing deer with the aid of artificial light. The information charges defendants "did unlawfully commit the following offense contrary to the Statutes of the State of Missouri, Section 252.040 RSMo 1978, and/or the rules and regulations of The Missouri Conservation Commission, Rule 3 C.S.R. 10–7.410(B) to wit: Attempt [to] locate wildlife with aid of artificial light with firearm in possession while acting with another."

Under the first claim of error defendants contend the state was required to prove as a matter of evidence that "spotlighting" in search of deer is a crime. The second point claims that the evidence together with all reasonable inferences did not prove that the defendants or any of them were "spotlighting."

The information refers to Section 252.040 RSMo 1978 which provides in full as follows: "No wildlife shall be pursued, taken, killed, possessed or disposed of except in the manner, to the extent and at the time or times permitted by such rules and regulations; and any pursuit, taking, killing, possession or disposition thereof, except as permitted by such rules and regulations, are hereby prohibited. Any person violating this section shall be guilty of a misdemeanor."

Our research discloses that 3 C.S.R. 10–7.410(B) states:

No person shall throw or cast the rays of a spotlight, headlight, or other artificial light on any highway or roadway, whether public or private, or in any field, woodland or forest for the purpose of spotting, locating or attempting to take or hunt any game animal, except raccoons or other furbearing animals when treed with the aid of dogs, while having in possession or control, either singly or as one of a group of persons, any firearm, bow or other implement whereby game could be killed.

The general statute, Section 252.040 RSMo 1978 does not describe the crime charged. That section depends upon the existence of rules and regulations promulgated by the Missouri Conservation Commission. Section 252.020(1) RSMo 1978. In order to determine that a crime was committed the trial court, as a finder of fact, was required to know the provisions of 3 C.S.R. 10–7.401(B). Significantly, this regulation was not offered in evidence. The court was not requested to and did not take judicial notice of its existence and provisions. Was this omission fatal? The answer depends on whether the substance of the rule was a matter of fact or law.

The question of proof of rules and regulations of administrative bodies by judicial notice has been addressed in a number of jurisdictions including Missouri. 31 C.J.S. Evidence Section 39, page 978. It has variously been held that such rules and regulations are properly the subject of judicial notice. Prior to 1975, Missouri courts consistently held that rules and regulations must be proven and were not a proper subject for judicial notice. *Allen v. State Dept. of Public Health and Welfare*, 479 S.W.2d 183, 187 (Mo.App.1972); *Silas v. ACF Industries, Inc.*, 440 S.W.2d 189, 192 (Mo.App.1969). In *Silas*, this court observed, ".. it has long been the law that the courts can not take judicial notice of

the rules of administrative agencies, including the industrial commission." *Id.* at 192. Section 536.031.5 RSMo 1978 as enacted in 1975, effective in 1976, changed this rule of evidence. Section 536.031.5 provides, "The courts of this state shall take judicial notice, without proof, of the contents of the code of state regulations."

The effect of Section 536.031.5 RSMo 1978 has been considered in a number of cases. *State v. Crowell,* 560 S.W.2d 889 (Mo.App.1978); *Jefferson Lines, Inc. v. Missouri Public Service Commission,* 581 S.W.2d 124 (Mo.App.1979); *Crudup v. Missouri State Division of Family Services,* 600 S.W.2d 129 (Mo.App.1980); *Parker v. City of Kirkwood,* 605 S.W.2d 210 (Mo. App.1980); and, *Newson v. City of Kansas City,* 606 S.W.2d 487 (Mo.App.1980).

*State v. Crowell* was disposed of on procedural grounds relating to failure to preserve error. *Ex gratia* the court considered a complaint that the evidence of defendant's guilt of driving while intoxicated, blood alcohol by breath analysis, was inadmissible in the absence of proof that the test was administered in accord with rules and regulations of the Division of Health. The content of the procedural rules was before the court when it prevented argument based on failure of proof of the rules as a proper foundation for such evidence. The court rejected the argument saying that Section 536.031.5 RSMo 1978 removed the requirement of a common law foundation. *Id.* at 891. However, the rules and regulations in the case were procedural only.

*Jefferson Lines, Inc. v. Missouri Public Service Commission* was a declaratory judgment action which contested the validity of an order of the Public Service Commission. The court affirmed a dismissal granted the Commission by the trial court on jurisdictional grounds. It noted Section 536.031.5 and incidentally judicially noticed a procedural rule of the Commission. *Id.* at 127.

The issue in *Crudup v. Missouri State Division of Family Services,* was the meaning of "permanent disability." A refusal of medical assistance benefits was reversed and remanded for redetermination after a finding that the denial was based on an improper application of the agency's regulations. The subject matter of a Division of Health regulation was before the court. Various regulations were noted and discussed as a basis of defining terms and standards. The court found reliance by the Division on its own Income Maintenance Manual was flawed because the Manual was not in evidence and not a duly promulgated and published component of the code of state regulations "... which the court was bound to notice even in the absence of proof. Section 565.031.5, RSMo 1978; ...." *Id.* at 130.

This court took judicial notice of a procedural rule of the Division of Workmen's Compensation in *Parker v. City of Kirkwood.* The rule permits dismissal of a claim if claimant is properly noticed but fails to appear at two settings. We reversed because the Commission failed to support dismissal of the claim by proving proper notice and failure to appear.

In *Newson v. City of Kansas City* the issues were sovereign immunity of defendant city and official immunity of defendant firefighter-employee of city. The negligence claim for personal injuries was the result of a collision between a fire truck and plaintiff's vehicle. Dismissal of the city was affirmed because plaintiff's petition did not allege any exceptions to the doctrine of sovereign immunity. Dismissal of the petition against the firefighter was reversed and remanded when the court found official immunity did not apply. For our purposes the opinion is useful because the court responded to plaintiff's contention that "the rule of judicial notice" supplied the provisions of Section 71.185.1 RSMo 1978 where the petition made no reference to that Section nor its provisions. The argument was rejected. However, "[o]ur courts are bound to take judicial notice of the domestic statutes of Missouri, and so dispense with the formal proof of that evidence." *Id.* at 490. The court concluded that exercise of the doctrine does not formulate a theory of recovery and

therefore does not supply matters not pleaded. It said:

> "The doctrine of judicial notice *is a rule of evidence* which presumes the matter subject to notice as true and so does away with the formal necessity to present proof. ... The conclusiveness of the proof by judicial notice depends upon the certainty of the source of the information—among them, whether only from common knowledge ..., or from the laws of nature ..., or from the authority of statute...." [Citations omitted].

*Id.* at 490.

■ We conclude that the failure of the court to formally include in the record judicial notice of rule 3 C.S.R. 10–7.410(B) was not fatal to the conviction. The Rule was pleaded. It was adopted pursuant to the provisions of the statutory authority of Section 252.040 RSMo 1978 and Section 536.031 RSMo 1978. Defendant had an opportunity to prove that the charged rule was not duly promulgated and published and therefore ineffective. *See, Crudup v. Missouri State Division of Family Services*, 600 S.W.2d at 130. The doctrine "presumes the matter subject to notice as true." *Newson v. City of Kansas City*, 606 S.W.2d at 490. The element of certainty was supplied by the provisions of Sections 536.030–536.031 RSMo 1978. These provisions establish methods and procedures for administrative agencies to adopt rules and regulations, they are deposited with the Secretary of State and published. The systematic and regular form of the code as well as the publication provisions secures the reliability of its contents, insures available notice, and supports judicial notice. Further, in a criminal case, these provisions protect a defendant's right to due process.

The doctrine of judicial notice remains a rule of evidence. It would have been better for the court to announce that it took or would take judicial notice of the rule charging "spotlighting" as a crime. That would have directly presented the defendants with notice and an opportunity to attack the rule. We find that the failure to do so was not fatal in the absence of any claim that the charge was insufficient. Point denied.

■ Defendants also claim that the evidence failed to support the convictions. We accept as true all evidence, direct or circumstantial, and all reasonable inferences supportive of the verdict and disregard those portions of the record contrary to a finding of guilt. *State v. Turner*, 623 S.W. 2d 4, 6 (Mo. banc 1981), *cert. denied*, 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982). By this standard the state's evidence was sufficient. Defendants were arrested during deer hunting season. Defendants were observed in a truck where a spotlight was "slowly, deliberately and methodically" panned over an adjacent field. They were in possession of a spotlight and two loaded weapons. One of the defendants was in possession of a deer permit. The facts are similar to those where convictions were affirmed. *State v. Barton*, 670 S.W.2d 162, 163 (Mo.App.1984) and *State v. Parks*, 657 S.W.2d 402 (Mo. App.1983). Defendants second claim of error is denied.

We affirm.