Douglas J. McCLELLAN,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE,
Respondent/Appellant.

No. 74943.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 27, 1999.

 

David J. Sokolowski, Florissant, for respondent.

Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

KATHIANNE KNAUP CRANE, Judge.

The Director of Revenue (Director) appeals from the circuit court judgment reinstating petitioner's driving privileges after a trial de novo. We reverse and remand for the reason that the trial court erred in excluding Director's exhibits for failure to request that the court take judicial notice of the code of state regulations.

Director suspended petitioner's driver's license pursuant to Section 302.505 (Cum. Supp.1998). After an administrative hearing, the hearing officer sustained the suspension. Petitioner then filed a petition for a trial de novo pursuant to Section 302.535 RSMo (Cum.Supp.1998).

■ At the trial de novo, the Director had the burden of proving, by a preponderance of the evidence, that (1) petitioner was arrested on probable cause that he was driving in violation of an alcohol-related offense, and that (2) petitioner's blood alcohol content was .10 percent or greater at the time of his arrest. Green v. Director of Revenue, 961 S.W.2d 936, 938 (Mo.App.1998). In order to establish a prima facie foundation to admit evidence of petitioner's breath analyzer test, the Director had to demonstrate that the testing methods set out in Section 577.020 RSMo (Cum.Supp.1997) were followed in that the test was performed (1) according to techniques and methods approved by the Department of Health, (2) by persons possessing a valid permit, and (3) using equipment and devices approved by the Department. Brussel v. Director of Revenue, 962 S.W.2d 454, 456 (Mo.App.1998).

At the trial de novo, Director submitted the case on certified business records of the St. Louis County Intake Center and the Department of Revenue.[1] Petitioner objected to the admission of those business records "containing any checklists, breath test results, printouts, maintenance reports and supporting maintenance report printouts" on the ground that the Director could not show that petitioner's breath test was administered according to techniques and methods approved by the Department of Health because the Director failed to introduce or ask the court to judicially notice the code of state regulations. Petitioner argued that, absent such a showing, his breath test results were inadmissible for lack of foundation.

The commissioner found that the Director did not offer evidence of the regulations with which she had to comply because she failed to ask the court to take judicial notice of Department of Health regulations 19 CSR 25–30.011 – 19 CSR 25–30.080. The commissioner recommended that the circuit court reinstate petitioner's driving privileges. The circuit court adopted and confirmed the commissioner's findings and recommendations as the judgment of the court.

---

1. The Intake Center business records included petitioner's Alcohol Influence Report. The Department of Revenue business records included Type II and Type III breathalyzer permits, Datamaster breath analyzer evidence tickets, a Datamaster maintenance report, and a certificate of analysis for the simulator solution used to calibrate the Datamaster.

■ Director appeals. She argues that the trial court erred in excluding petitioner's breath analysis test results because she was not required to specifically request the trial court take judicial notice of the code of state regulations or offer proof or evidence of the code's contents because Section 536.031.5 RSMo (1994) requires the trial court to take judicial notice of the code even in the absence of any formal request.

Section 536.031.5 mandates that "[t]he courts of this state shall take judicial notice, without proof, of the contents of the code of state regulations." This section obligates trial courts to take judicial notice of the code of state regulations with or without any formal request. *State v. Crowell*, 560 S.W.2d 889, 891 (Mo.App.1978); *see also State v. Hall*, 751 S.W.2d 403, 404–06 (Mo.App.1988). The trial court misstated and misapplied the law in finding that the Director had to specifically request the court take judicial notice of the code of state regulations in order to lay a foundation for admission of defendant's breath test results.

The judgment of the trial court is reversed and the cause is remanded.

PAUL J. SIMON, P.J. and
LAWRENCE E. MOONEY, J., concur.